IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| GERALD WHITE, | ) ) ) | Civil Action No. 2:08-2429-CWH-BM |
| Plaintiff, | ) ) ) ) | **ORDER** |
| v. | ) ) |  |
| NUCOR CORPORATION and NUCOR STEEL-BERKELEY, | ) ) ) |  |
| Defendants. | ) ) ) |  |

Plaintiff alleges in this case that he was subjected to greater scrutiny when he was denied promotion and discharged because of his race (African American) and in retaliation for his participation as one of the class representatives in the class action <u>Brown v. Nucor</u>, Case No. 2:04-220005-CWH. This matter is before the Court pursuant to a motion to compel filed by the Plaintiff on August 24, 2009, seeking an order compelling the following: (1) inspection and copying of notebooks, day-timers/ calendars and electronic notes kept by the Plaintiff's supervisor, Jerry Herrmann (RFP #14); (2) the unredacted electronic database of employee discipline and counseling (RFP #3); (3) the unredacted electronic keyboard database showing the time people enter and leave Nucor's plant (RFP #1); and (4) the electronic AS400 personnel database showing individual

1



employee's name, race, department, employee ID, etc. (RFP #3).

Defendants filed a memorandum in opposition on September 10, 2009, and Plaintiff filed a reply memorandum on September 21, 2009. After careful review and consideration of the arguments presented, the Court finds and rules as follows:

With regard to inspection and copying of the notebooks, day-timers/ calendars and electronic notes kept by the Plaintiff's supervisor, Jerry Herrmann (RFP #14), Defendants represent that they have produced copies of pages from the logbooks referring to the Plaintiff (all hand-written and electronic ones, including Plaintiff's bid for promotion) and entries relating to tardiness or attendance. See Plaintiff's Memorandum in Support of Motion to Compel, p. 3 n. 2; see also Defendants' Memorandum in Opposition to Summary Judgment, p. 3. Defendants argue that the remainder of these materials are not relevant to Plaintiff's claims, and also argue that these materials contain information relating to personal and family matters. Plaintiff objects to the Defendants determining what is relevant out of these documents and also asserts that the Defendants should not be allowed to determine which employees are similarly situated.

Although Defendants' privacy concerns are not without merit, as these materials were created and maintained by Plaintiff's supervisor, the Court finds that review of these materials is warranted as such a review appears reasonably calculated to lead to the discovery of admissible evidence. See Rule 26(b)(1), Fed.R.Civ.P. Therefore, **IT IS ORDERED** that these materials shall be made available for review by Plaintiff's counsel (eyes only) following entry of an appropriate confidentiality order with the Court. To the extent these notes are in electronic format, they should be made available to Plaintiff's counsel in their native format with all associated metadata. Williams v. Sprint/United Management Co., 230 F.R.D. 640, 652 (D.Kan. 2005)[producing party should



produce electronic documents with metadata intact, unless that party timely objects to the production of metadata, parties agree that metadata should not be produced, or producing party requests protective order]. If, after this review, Plaintiff's counsel believes any information contained in these materials (other than those already provided) is relevant and should be produced, but Defendants object, Plaintiff's counsel may then present those materials to the court for *in camera* review and determination.

With regard to the unredacted electronic database of employee discipline and counseling (RFP #3), Defendants represent that they have provided Plaintiff with a chart showing employees terminated under the Defendants' attendance policy and have also provided hard copies of all attendance disciplines and counselings from July 3, 2004 to present. However, Defendants object to producing this material on all individuals who worked at the plant, including those in different departments, working under different supervisors, at different points in time, and who incurred different forms of discipline. The Court is constrained to agree that Plaintiff's request as submitted is overly broad for the claims being raised in this case. This is not the class action. Plaintiff's request is therefore **denied**, without prejudice. Plaintiff may submit more narrowly tailored requests if he believes there is some additional information in this database he might be entitled to obtain.

With regard to the unredacted electronic keyboard database showing the time individuals enter and leave Nucor's plant (RFP #1), Plaintiff asserts that this information is needed for him to determine all of the times when employees entered and exited the plant. However, similar to his other discovery requests, Plaintiff has not limited this request to any certain group of



employees or even to just employees.[1] Plaintiff's current request is therefore again overly broad and is **denied**, without prejudice. Defendants represent that they will supplement the gate records if Plaintiff provides specific dates and employees for whom entry/exit information is requested, and Plaintiff may also submit a more narrowly tailored request for similarly situated employees. In that event, the parties are strongly encouraged to work together to resolve any future discovery matters before bringing these issues back before the Court.

Finally, as Plaintiff's request for the key/swipe databases has been denied at this time; see discussion, supra; his request for the electronic AS400 personnel database showing employee's name, race, department, employee ID, etc. (RFP #3) is also **denied**, without prejudice.

The parties shall submit an appropriate confidentiality order for the Court's consideration within five (5) days of the date of this order. Defendants shall have ten (10) days from the entry of the confidentiality order to produce the material set forth herein for review by Plaintiff's counsel. Plaintiff's counsel shall then have twenty (20) days to present to the Court any material for *in camera* review which Plaintiff's counsel believes is relevant and subject to production, but which Defendants are unwilling to agree to produce.

The Court will enter an amended scheduling order setting forth the remaining

---

[1]Defendants represent that these records include not just employees but also vendors, contractors, and customers, and that as submitted Plaintiff's request would encompass potentially hundreds of thousands of records, as there are hundreds of entries and exits recorded and stored every day.

4



deadlines in this case after this time period has expired.

**IT IS SO ORDERED**.

_____
Bristow Marchant
United States Magistrate Judge

September 29, 2009

Charleston, South Carolina

