IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GERALD WHITE, ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:08-cv-2429-CWH-GCK |
| ) | |
| NUCOR CORPORATION and ) | |
| NUCOR STEEL BERKELEY ) | |
| ) | |
|        Defendants. ) | |

**DEFENDANTS' RESPONSE AND MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Defendants Nucor Corporation and Nucor Steel Berkeley ("Defendants") respectfully request this Court to deny Plaintiff Gerald White's Motion to Consolidate this case with *Brown, et al. v. Nucor Corporation, et al.*, Civil Action No. 2:04-22005-CWH-BG ("*Brown*"). In opposition to Plaintiff's motion, Defendants would show the following.

**I.  SUMMARY OF ARGUMENT**

Plaintiff's request for consolidation is nothing more than an attempt to obscure the weakness of his retaliation and termination claims in this case by burying them in the cluster of claims pending in *Brown*. While consolidation is never proper to avoid or postpone dismissal of meritless claims, it is also improper in this case because the claims at issue are not sufficiently similar or related to those before the Court in *Brown* to warrant consolidation. Plaintiff's claims here do not involve questions of law or fact common with those in *Brown*, and involve

TPGL 2994356v1

entirely new allegations and legal theories which have never been raised in *Brown*. Specifically, Plaintiff cannot show that his failure-to-promote claim in this case shares common questions of law or fact with his promotion claims in *Brown* sufficient to justify consolidation. Much less, Plaintiff cannot show that his new wrongful termination and retaliation claims in this case are factually or legally similar to *any* claim in *Brown* because neither he nor any of his co-plaintiffs alleged wrongful termination or retaliation in that case. Attempting to add White's new individual claims to the *Brown* case would only further confuse the pending class certification issues there.

Further, Defendants' Motion for Summary Judgment relating to White's individual claims in this case is pending before the Court.[1] The Court's consideration of Defendants' motion will have a significant impact on whether consolidation is appropriate or necessary. Should White's individual claims be dismissed on summary judgment as Defendants have requested, the consolidation issue would be moot. Accordingly, Defendants respectfully request the Court rule on its Motion for Summary Judgment prior to considering this Motion to Consolidate.[2]

---

[1] Document 54 on file herein.

[2] Defendants are aware that the Court granted Plaintiff an extension to respond to Defendants' Motion for Summary Judgment until after the consolidation issue is decided. Defendants request that consolidation be denied and revisited, if necessary, after the Court decides on summary judgment.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In *Brown*, Plaintiff White, along with six other named plaintiffs, allege a hostile work environment and discrimination with regard to promotions.[3]  Plaintiff White's specific discrimination allegation in *Brown* relates to one promotion decision that occurred in 2001.[4]  None of the *Brown* plaintiffs, including White, alleged wrongful termination or retaliation.

In this individual case, White alleges retaliatory and discriminatory discharge, as well as retaliatory and discriminatory failure to promote for a position he was denied in 2006.  These events occurred years after the events in *Brown*, and were not a part of the facts or allegations involved in the certification decision of this Court.

## III.  MOTION TO CONSOLIDATE STANDARD

Rule 42 of the Federal Rules of Civil Procedure governs the consolidation of cases.  It provides:

> (a) **Consolidation**.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.[5]

The Fourth Circuit has established factors to be considered and weighed in determining whether consolidation is appropriate. For example, in *Arnold v.*

---

[3] *See Brown v. Nucor*, No. 2:04-22005-CWH-BG.
[4] Plaintiff's Third Amended Complaint, filed January 28, 2005.
[5] Fed. R. Civ. P. 42(a).

*Eastern Air Lines, Inc.*, the Fourth Circuit held that the "critical question" in determining whether consolidation should be allowed is:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.[6]

Although common issues of law or fact are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course.[7] Courts have broad discretion to deny or grant consolidation, but the party moving for consolidation bears the burden of meeting the prerequisites set forth in Rule 42.[8]

## IV. ARGUMENTS AND AUTHORITY

### A. THE PROCEEDINGS DO NOT INVOLVE COMMON QUESTIONS OF LAW.

The Court should deny consolidation under Rule 42(a) because Plaintiff has pled distinct legal claims in this case that he and his fellow plaintiffs did not raise in *Brown*. In *Brown*, White and the other plaintiffs' claims were limited to promotions and hostile work environment claims.[9] Plaintiff White's only disparate

---

[6] 681 F.2d 186, 193 (4th Cir.1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971))

[7] *Arroyo v. Chardon,* 90 F.R.D. 603, 605 (D.P.R.1981) (cited with approval in *Sizemore v. Sw. Va. Reg'l Jail Auth.*, No. 1:08cv00035, 29 WL 90108, at *2-3 (W.D. Va. January 14, 2009).

[8] *See In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993); *see also Keels v. Pierce*, 315 S.C. 339, 433 S.E.2d 902, 904 (S.C. Ct. App. 1993).

[9] District Court of S.C. Order Denying Class Certification on Aug. 7, 2007, Civil Action No.: 2:04-22005-CWH.

treatment claim involved a supervisor position he was denied in 2001.[10]  Here, White raises three unique legal claims that were not made by any plaintiff in the *Brown* case:

- Retaliatory discharge
- Discriminatory discharge
- Retaliatory denial of a promotion in 2006

Each of White's unique causes of action in his individual case requires different legal analyses than his claims in the *Brown* case.  For example, to prove a *prima facie* case of discriminatory discharge, Plaintiff will have to show that (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.[11]  A *prima facie* case of retaliation requires Plaintiff to prove that (1) he engaged in a protected activity; (2) Defendant acted adversely against him; and (3) the protected activity was causally connected to the adverse action.[12]  These legal requirements for the unique claims in his individual case differ significantly from his legal requirements in the *Brown* case.  As noted above, in *Brown*, White brings only a discriminatory failure to promote claim and a hostile work environment claim, each of which

---

[10] In a declaration filed in *Brown*, Plaintiff described a Roll Shop Crew Leader position he was denied in 2004 that was not included in the Third Amended Complaint in *Brown*.
[11] *See Holland v. Wash. Homes Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).
[12] *Id.* at 218.

carries different legal standards. White simply cannot meet Rule 42(a)'s requirement that the legal issues be common for two cases to be consolidated.

### 1. Fourth Circuit precedent does not support consolidation of legally distinct employment discrimination claims.

In *Sizemore*, the Western District of Virginia denied consolidation of several cases, in part, because one case alleged age discrimination claims and the other contained allegations of race discrimination.[13] The court reasoned that consolidation was not proper because "the crucial evidence to be presented … will be completely different."[14] As a result, the court held that "potential confusion to the jurors and/or prejudice to the defendants outweighs any such judicial economy and convenience to be garnered from such consolidation.[15] The cases cited by Plaintiff in his motion are readily distinguishable from the legal and factual circumstances here because the cases on which he relies were analyzed in the limited context of securities fraud, insurance litigation, and other similarly irrelevant issues.[16] In contrast, Defendants have identified cases within the Fourth Circuit specifically addressing consolidation within the context of employment discrimination.[17] None of the Fourth Circuit cases on consolidation of employment discrimination claims support Plaintiff's position.

---

[13] *Sizemore*, 29 WL 90108, at *2.
[14] *Id.*
[15] *Id.* at *3.
[16] Plaintiff's Motion to Consolidate ¶11 (citing *In re: Microstrategy Inc. Securities Litigation*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) (securities fraud); *Vortekx, Inc. v. IAS Comm., Inc.*, 72 F. Supp 2d 638 (N.D. W.V. 1999) (patent validity and ownership rights); *Anderson v. Wade*, 2007 WL 2934874 (W.D.N.C. Oct. 5, 2007) (unpublished) (insurance litigation).
[17] *See e.g. Sizemore v. Sw. Va. Reg'l Jail Auth.*, No. 1:08cv00035, 29 WL 90108, at *2-3 (W.D. Va. January 14, 2009); *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413-14 (M.D. Pa. 1983) (holding that where one action contained age discrimination and other claims were not raised in the other action, evidence would differ, and consolidation of the two actions would not be prudent).

### *2. Purported evidence of pretext in* **Brown** *does not merit consolidation.*

Plaintiff's primary argument supporting consolidation of these new claims with *Brown* is that the claims rely upon the same evidence to "establish the pretextual nature of Nucor's articulated reason for terminating Mr. White's employment." Plaintiff's contention, however, is misguided for two reasons. First, Plaintiff ignores the considerably different procedural and legal analyses that are necessary to evaluate the merits of termination and retaliation claims, as opposed to promotion claims. Before Plaintiff can even reach the issue of pretext under the familiar *McDonnell-Douglas* burden shifting framework, White must prove he has established a *prima facie* case. As noted above, White's *prima facie* legal burdens are different in the *White* and *Brown* cases. Instead, Plaintiff here asks the Court to turn a blind eye to Rule 42(a)'s requirement that appropriate consolidation claims share a "common question of law," and combine all discrimination cases together regardless of the threshold proof necessary for each. However, the Rule was not intended to be twisted as Plaintiff requests.

Second, the so-called evidence of pretext raised in the *Brown* case cannot be used to refute Defendants' legitimate, non-discriminatory reasons for terminating his employment or denying him the promotion at issue in his individual case. Plaintiff mischaracterizes the burden of proof required to establish pretext in a discrimination context as established by *McDonnell Douglas* and the Fourth Circuit. In *Hawkins v. PepsiCo, Inc.*, the Fourth Circuit held that the employee failed to provide sufficient evidence that PepsiCo's reason for her termination, based on the

employee's poor performance, was pretextual.[18] The employee stated that she was terminated because of the racial animus of the supervisor who fired her, and provided considerable evidence that she in fact performed adequately. However, without specifically indicating how her direct supervisor individually discriminated against her, or did not specifically believe she performed poorly, the court held that the employee did "nothing more than speculate that [her supervisor] terminated her out of racial animus." *Id*.

As the employee in *Hawkins* attempted, Plaintiff here seeks to impute a racial character to his decision-makers' alleged animus in each of his alleged adverse employment actions. However, Plaintiff's attempt to establish pretext through evidence he claims supports his hostile work environment and other promotions claims in *Brown* is not specific to the decision-makers at issue, or his newly alleged claims. His claims in *Brown* occurred years before the decisions at issue in his individual case and involved different individuals. For example, the decision to terminate White's employment in 2006 rested solely with the General Manager Ladd Hall, yet White has made no claims in *Brown* that Hall specifically discriminated against him and improperly terminated his employment. Instead, White would apparently attempt to show pretext for specific adverse employment actions that occurred in 2006 by relying upon general allegations of a hostile work environment that allegedly occurred years earlier in the *Brown* case. The Fourth Circuit's decision in *Hawkins* would not permit this broad-based approach to

---

[18] *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279-80 (4th Cir. 2000).

proving pretext. Thus, Plaintiff's argument that the cases should be consolidated because they rely on the same evidence of pretext is unavailing.

* * *

Here, Plaintiff seeks to consolidate two cases that involve wholly different legal theories. The present case involves wrongful discharge and retaliation causes of action, which were not alleged in *Brown*. These new causes of action require different proof, different evidence and different defenses than those alleged in *Brown*. Indeed, they involve different questions of law, and consolidation would cause significant jury confusion and prejudice that would outweigh any alleged judicial economy and convenience. Accordingly, consolidation is improper.

**B. THESE PROCEEDINGS DO NOT INVOLVE COMMON QUESTIONS OF FACT**

Because White's unique claims have different legal requirements he must meet, they will also necessarily involve different questions of fact. Contrary to White's conclusory assertion that his claims in this case are "identical" to those in *Brown*, they actually involve distinct questions of fact. Accordingly, consolidation is improper.

### *1. There are no termination or retaliation claims in* Brown.

Because there were no termination or retaliation claims brought in *Brown*, there were no facts or evidence relating to wrongful termination or retaliation adduced in *Brown*. Facts relating to promotions and an alleged hostile work environment are substantially different than those relating to termination and retaliation. They involve different decisions, decision-makers, motivation, policies,

and underlying facts, and they are not interchangeable. Brief descriptions of the factual dissimilarities of the claims serve to illustrate this point.

For example, facts relevant to Plaintiff's failure to promote claims in *Brown* involve whether he was qualified for the positions for which he applied, whether Defendants' rejection of his application for those specific positions give rise to inferences of discrimination, and whether Defendant's reasons for promoting other individuals were legitimate and not pretextual.[19] In sharp contrast, to succeed in proving his retaliation claims in the current action, Plaintiff must present evidence that an adverse action was taken against him, which was causally connected to his participation in a protected activity.[20] Even setting aside the requirements for evaluating the different *prima facie* burdens of each claim, the court would also still be required to consider the decisions and motives of the specific decision-makers, and different individuals made these decisions.

Moreover, Plaintiff's wrongful termination claim would likewise require analyzing distinct facts under a unique *prima facie* burden, specifically looking to his performance records, the testimony of his supervisors and fellow employees relating to his work performance, and the termination policies and procedures of Defendants.[21] Thus, the evidence and witnesses necessary to defend or prove Plaintiff's termination and retaliation claims are not the same as those needed to

---

[19] Plaintiff would be required to provide sufficient evidence to prove a *prima facie* case of discriminatory failure to promote and satisfy his other burdens pursuant to *McDonnell Douglas*. See *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir.2005).
[20] *Id.* at 218.
[21] *See Holland v. Wash. Homes Inc.*, 487 F.3d 208, 214 (4th Cir. 2007) (detailing prima facie case discriminatory discharge, looking at whether plaintiff was performing his job duties at a level that met his employer's legitimate expectations at the time of his termination, and if so, whether employer could not articulate a legitimate reason for his termination).

defend or prove his promotions claims. By suggesting that his claims in this individual case can be proven by the same facts in the *Brown* case, Plaintiff ignores his legal requirements and this Court's proper role in analyzing each claim individually through facts specifically relevant to each.

Additionally, Plaintiff's promotion, termination, and retaliation claims in his individual case are even more substantially and factually distinct from his hostile work environment claims alleged in *Brown*.[22] The evidence Plaintiff has sought to introduce to substantiate his hostile work environment claim in *Brown* involves allegations of witnessing graffiti in bathrooms, the presence of confederate flags in the plant, and other similar incidents that allegedly occurred over an extended period of time. However, these alleged facts are entirely unique to Plaintiff's hostile work environment claim, and in no way relate to the specific termination, retaliation, or promotion claims from 2006 that he now seeks to consolidate. As noted above, a plaintiff must prove pretext through evidence that is tailored more narrowly to the specific legitimate, non-discriminatory reasons offered by the employer. Here, White is attempting to use mere tangential evidence of an alleged hostile work environment to create pretext where none exists. For example, he would submit his undated observation of a confederate flag in the workplace to support his claim that Nucor wrongfully terminated him. Yet, the two events have no factual connection, and Plaintiff has cited to no authority that supports his position. Merely observing something inappropriate in the workplace is not

---

[22] *See Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 183-84 (4th Cir.2001) (stating that to prove hostile work environment, there must be unwelcome harassment based on race that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere).

adequate to prove pretext for a specific legitimate, non-discriminatory reason offered by an employer.[23] Plaintiff has the burden to show that the actual reason Defendants gave for his termination—his four violations of the written attendance policy in one year—was pretextual. *Id.* None of his general, irrelevant allegations of a hostile work environment meet this burden. Accordingly, Plaintiff's termination and retaliation claims are inappropriate for consolidation under Rule 42.

### 2. *Plaintiff's failure to promote claims involve substantially different facts.*

Like his termination and retaliation claims, Plaintiff's promotion claim in this case does not involve questions of fact common with his claims in *Brown*. The claims involve different positions and qualifications, different candidates, different decision-makers, and different reasons for selection. Indeed, the promotion decisions are factually unique, necessitating many separate and distinct factual analyses.

First, factually distinct questions exist as to whether Plaintiff was qualified for any position at the time he applied for it. To determine Plaintiff's qualifications for each promotion would necessarily require looking at Plaintiff's disciplinary record at the time of the promotion attempt, reviewing his cross-training records, analyzing other personnel records and issues, and analyzing other relevant qualifications against the job criteria for the position in question.

Second, it would be necessary to review the qualifications of each candidate for the positions, the decision-makers' reasons for selection of the successful

---

[23] *See Hux v. City of Newport News*, 431 F.3d 311, 315 (4th Cir. 2006) ("Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it.).

candidate, and the comparative qualifications of Plaintiff – an analysis unique to each decision.[24] As a result, the promotion decisions in *Brown* which occurred in 2001 and 2004 in no way relate factually to the 2006 selection of Jamie Johns over Plaintiff White for the Roll Shop Crew Leader position at issue in the present case.

### 3. *Plaintiff's promotion, termination and retaliation claims are based upon different alleged misconduct of different decision-makers.*

To legitimately argue that his promotion claim in the present case is factually "identical" to the *Brown* case, Plaintiff must prove that the decision-makers in both cases were the same.[25] Plaintiff's arguments for consolidation fail for the simple fact that the decision-makers here and in Plaintiff's claims in *Brown* were different. In *Brown*, the decision-makers for the 2001 Roll Shop Supervisor position were Paul Ferguson, Chris Anderson, Bob Schwartz, and Ladd Hall. Here, the decision-makers for his 2006 bid for the Roll Shop Crew Leader position were Aaron LeCompte, Craig McCulley, Jeffrey Durand, and Jerry Hermann.[26] Thus, there are no common questions of fact because different individuals were involved.

### 4. *The decisions at issue are temporally diverse.*

Courts in this Circuit have noted that cases that have "virtually the same legal theories" may still be improper for consolidation if the "time periods over

---

[24] *See Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189-90 (4th Cir. 2004)(employer may rebut a *prima facie* case [of failure to promote] by demonstrating that the person promoted was better-qualified for the position).

[25] *See Duncan v. State of Md.*, 78 F.R.D. 88, 91 (D.C. Md. 1978) (finding consolidation of employment discrimination cases not warranted where different decision makers at two campuses of the same university made the alleged discriminatory employment decisions); *see also Harris*, 132 F.3d at 980-81 (consolidation proper where misconduct was essentially the same, it occurred over virtually the precise same time period and *was perpetrated by many of the same individuals*) (emphasis supplied).

[26] Jeff Durand did not participate in the decision for the Roll Shop Crew Leader position posted in 2004 that is at issue in *Brown*.

which the defendants' alleged misconduct occurred … is widely divergent."[27] For example, in *Sizemore*, the Western District of Virginia found that alleged misconduct in three individual cases occurred between April 2005 and May 2007, and held that this time period was too divergent to justify consolidation.[28] Here, the promotion attempts took place over the course of *six* years. Plaintiff's first claim relates to a 2001 promotion, his second occurred in 2004, and the last occurred in 2006. These three separate incidents in no way overlap, and necessarily involve distinct factual issues which factored into the promotion decisions. These factors include White's disciplinary record, different candidates with different levels of experience, and White's differing levels of experience at the time of each promotion decision. The timeline of these events is even more "widely divergent" than that in *Sizemore*. Thus, as the court found in *Sizemore*, the consolidation of Plaintiff's cases would "likely lead to the level of confusion and/or prejudice to the defendants that outweigh any judicial economy or convenience gained from consolidating the cases."[29]

* * *

In sum, Plaintiff's efforts to convince this Court that his new termination, retaliation and promotion claims here are factually identical to his claims in *Brown* are misplaced and disregard the substantial differences inherent in these types of claims. Accordingly, Plaintiff's motion to consolidate should be denied.

---

[27] *Sizemore*, 29 WL 90108, at *2.
[28] *Id.*
[29] *Id.*, 29 WL 90108, at *2.

## C. CONSOLIDATION WOULD NOT CONSERVE TIME OR JUDICIAL RESOURCES

### 1. *Termination and retaliation were not considered for class certification.*

This Court denied class certification in *Brown* on plaintiffs' claims relating to promotions and an alleged hostile work environment under Rule 23(a), and the Fourth Circuit subsequently issued an opinion holding that Rule 23(a) had been met.[30] However, neither this Court nor the Fourth Circuit considered a claim of wrongful termination or retaliation in addressing the issues of commonality, typicality, numerosity, and adequacy of representation necessary for class certification under Rule 23(a). Consolidating White's individual case with *Brown* would potentially require the Court to re-examine the class certification issues in light of these new claims, further confusing and delaying determination of class status. In fact, Plaintiff White's retaliation and wrongful termination claims would not meet the numerosity requirement, since there are no other claims of that type in the *Brown* case. The only other way around this dilemma would be to potentially try some claims in *Brown* as a class action while having White's separate claims decided independently at the same trial. That does not seem to be the most straightforward path for the adjudication of the varied claims.

Moreover, Defendants will soon be filing their appeal of the Fourth Circuit's decision on Rule 23(a) to the United States Supreme Court, and have filed a Motion to Deny Class Certification in this Court based on the lack of any analysis of Plaintiffs' ability to meet the requirements of Rule 23(b). Neither Defendants'

---

[30] *Brown v. Nucor Corp.*, 576 F.3d 149 (4th Cir. 2009).

appeal nor its pending motion address termination and retaliation claims because they are not before the Court in *Brown*. Adding White's distinct, individual claims to the *Brown* case would create further confusion in a case that is already complicated by the class certification issues. To prevent further delay and confusion relating to the class certification issues, Plaintiff's Motion to Consolidate should be denied.

### 2. *Summary Judgment Motion is Pending*

Finally, judicial economy would not be served if these cases were consolidated prior to deciding Defendants' Motion for Summary Judgment on Plaintiff White's individual claims. Since this individual case involves limited, distinct claims and facts not present in *Brown*, it is amenable to a judicially efficient summary judgment decision. Moreover, the issues of consolidation and whether the retaliation and wrongful discharge claims should be given class treatment would be moot if this Court initially decides that White's individual claims should be dismissed on summary judgment. Consolidation of Plaintiff's claims here with those in *Brown* would have the opposite effect – delay and needless expenditure of time and resources. For this reason alone, Plaintiff's request for consolidation should be denied.[31]

---

[31] In the alternative, the decision on consolidation should be delayed until after the Court decides Defendants' Motion for Summary Judgment to determine if the remaining claims, if any, are proper for consolidation.

## V.  CONCLUSION AND PRAYER FOR RELIEF

Consolidation of Plaintiff's separate and distinct individual claims in this case with the purported class claims in *Brown* is improper for the multiple reasons set forth herein.  The claims do not involve common issues of law or fact, and judicial resources would not be conserved by consolidation.  Rather, judicial economy would better be served by not injecting new claims into the pending class certification issues in *Brown*.  Accordingly, Plaintiff's request for consolidation should be denied.

Wherefore, Defendants respectfully request that the Court deny Plaintiff's Motion to Consolidate his individual case with *Brown*.  Alternatively, Defendants request that the Court delay its decision on Plaintiff's consolidation motion until after it has decided Defendants' Motion for Summary Judgment on White's individual claims.  Defendants pray for any and all other relief to which they may show themselves justly entitled.

                                                Respectfully submitted,

November 17, 2009                    By: s/John S. Wilkerson, III
                                                    John S. Wilkerson, III
                                                    Federal ID# 4657
                                                    Turner, Padget, Graham & Laney, PA
                                                    P.O. Box 22129
                                                    Gateway Center, Suite 200
                                                    40 Calhoun Street
                                                    Charleston, SC 29401
                                                    Telephone: (843) 576-2801
                                                    Facsimile: (843) 577-1649

          Cary A. Farris
          Alaniz & Schraeder, LLP
          2500 City West Boulevard, Suite 1000
          Houston, TX 77042
          Telephone: (281) 833-2200
          Facsimile: (281) 833-2240

          ATTORNEYS FOR DEFENDANTS